```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


JUDE ORGERON                                CIVIL ACTION

VERSUS                                      NO: 15-1513

STATE FARM FIRE AND                         SECTION: "J"(1)
CASUALTY COMPANY
```

### ORDER & REASONS

Before the Court is a *Motion to Strike the Second Estimate of Ray Gonzales* **(Rec. Doc. 13)** filed by Defendant, State Farm Fire and Casualty Company, and an opposition thereto (Rec. Doc. 17) filed by Plaintiff, Jude Orgeron.[1] Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

### FACTS AND PROCEDURAL BACKGROUND

This litigation derives from a dispute concerning the extent of damage to Plaintiff's roof caused by a hailstorm on or about February 24, 2013. On February 24, 2015, Plaintiff filed this lawsuit in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. (Rec. Doc. 1-1.) Plaintiff alleges that he purchased a homeowners policy of insurance with State Farm for property located at 4470 Barataria Boulevard in Marrero, Louisiana. *Id.* at 1. Further, Plaintiff alleges that he met with

---

[1] Plaintiff's petition filed in state court and Defendant's Notice of Removal refer to Plaintiff as "Jude Ogeron," but it appears from the parties' subsequent filings that the correct spelling of Plaintiff's name is "Jude Orgeron."

adjusters assigned to him by State Farm following the storm and directed them to the property damage. *Id.* at 2.

Plaintiff claims that State Farm breached their contract with him by failing to pay for covered losses under the policy after Plaintiff submitted proof of loss to them. *Id.* In addition, Plaintiff claims that State Farm acted in an arbitrary and capricious manner by failing to make a good-faith tender on covered losses. *Id.* Lastly, Plaintiff claims that State Farm failed to properly and completely inspect the damages to the property. *Id.*

State Farm removed this action to this Court on May 7, 2015. (Rec. Doc. 1.) The Court issued a Scheduling Order on June 17, 2015. (Rec. Doc. 9.) Pursuant to the Scheduling Order, written reports of experts who may be witnesses for Plaintiff were required to be obtained and delivered to counsel for Defendant no later than November 12, 2015. *Id.* at 2. Defendant was required to deliver written reports of its expert witnesses no later than December 11, 2015. *Id.*

On July 24, 2015, Plaintiff provided State Farm with copies of photographs and an estimate totaling $51,204.54 prepared by Plaintiff's expert Ray Gonzales of Property Damage Consultants, LLC. (Rec. Doc. 13-2.) Gonzales's estimate comprised the total amount of damages to the property's exterior and roof. *Id.* at 4. Plaintiff did not provide State Farm with any additional documentation before Plaintiff's November 12 deadline for

2

delivering expert reports. On November 17, 2015, State Farm's roofing expert inspected the property in preparation for producing State Farm's expert report. (Rec. Doc. 13-1, at 2.) State Farm deposed Ray Gonzales on December 2, 2015. *Id.* At this time, Gonzales produced a new photographs and a second estimate totaling $78,560.18. *Id.* Unlike Gonzales's first estimate, his second estimate includes damages to the interior of the property. (Rec. Doc. 17-1, at 3-6.)

State Farm filed the instant *Motion to Strike the Second Estimate of Ray Gonzales* **(Rec. Doc. 13)** on December 28, 2015. Plaintiff opposed the motion on January 5, 2016. The motion was set for hearing on January 13, 2016, with oral argument. However, because the Court determined that oral argument would not be necessary for the instant motion, the motion is now before the Court on the briefs.

## PARTIES' ARGUMENTS

State Farm requests that this Court exclude the second estimate of Ray Gonzales from trial. (Rec. Doc. 13-1, at 1.) State Farm argues that Plaintiff did not provide an expert report on November 12, 2015, and therefore failed to comply with the Scheduling Order. *Id.* State Farm claims that it received Gonzales's second estimate after the November 12 deadline for Plaintiff to deliver expert reports had passed. *Id.* According to State Farm, it was not made aware of Gonzales's second estimate until Gonzales

was deposed on December 2, 2015, which was after State Farm's roofing expert had inspected the property and nine days prior to the date State Farm's expert report was due. *Id.* at 2. State Farm argues that allowing Gonzales to testify at trial as to the information included in his second estimate would unfairly prejudice State Farm in its preparation of a defense in this matter. *Id.* at 4.

In opposition, Plaintiff contends that Gonzales's second estimate should not be stricken. (Rec. Doc. 17.) Plaintiff admits that no documentation was provided to State Farm on November 12, 2015, but explains that this was because Gonzales's expert report, together with photographs, was furnished to State Farm three months earlier on July 24, 2015. *Id.* at 1. Next, Plaintiff claims that Gonzales accompanied State Farm's roofing expert to the property on November 17, 2015, and was present during that inspection. *Id.* at 1-2. According to Plaintiff, it was at that time that both experts inspected the alleged damage on the inside of the property, which caused Gonzales to generate a supplemental report based on the interior damage. *Id.* at 2. Thus, Plaintiff argues that State Farm's expert had the same opportunity to examine the alleged damage on the inside of the property. *Id.*

Further, Plaintiff claims that he forwarded a copy of Gonzales's supplemental report on or about November 19, 2015. *Id.* Moreover, Plaintiff claims counsel for State Farm was provided

4

with an additional copy of Gonzales's supplemental report at Gonzales's deposition on December 2, 2015. *Id.* According to Plaintiff, counsel for State Farm was afforded time at Gonzales's deposition to examine the supplemental report and cross-examine Gonzales concerning his second estimate. *Id.* In sum, Plaintiff admits that the supplemental report was provided to counsel for State Farm after the deadline set forth in the Scheduling Order; however, Plaintiff argues that there is no prejudice to State Farm. *Id.*

## LEGAL STANDARD AND DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure requires parties to disclose the identity of their expert witnesses, as well as those experts' reports in accordance with the deadlines established by the court's scheduling order. Fed. R. Civ. P. 26(a)(2)-(3). Further, Rule 16(b) authorizes federal courts to control and expedite the discovery process through a scheduling order. Fed. R. Civ. P. 16(b). A scheduling order in this case was issued on June 17, 2015, and set November 12, 2015, as the deadline for Plaintiff to provide State Farm with written expert reports. (Rec. Doc. 9.)

Supplementation of an expert report is permitted, but "[a]ny additions or changes to [the] information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2). Because Rule 26(a)(3) requires that

5

disclosure be made at the time ordered by the court, the relevant deadline for supplementation of Plaintiff's expert reports was November 12, 2015, as provided by the Court's Scheduling Order.

Rule 16(f) provides that a court may issue sanctions "if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). The court is given "broad discretion" in formulating sanctions for a violation of its scheduling order. *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996); *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) ("Consistent with the authority vested in the trial court by rule 16, our court gives the trial court 'broad discretion to preserve the integrity and purpose of the pretrial order.'"). For example, the court may sanction a party for failing to comply with its scheduling order by excluding evidence. *See Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 509 (5th Cir. 1999). An appellate court will review a district court's sanction in this regard for abuse of discretion only. *See Barrett*, 95 F.3d at 380.

The Fifth Circuit has listed four factors that a court should consider in exercising its discretion to excludes expert testimony as a sanction for a party failing to comply with its scheduling order: (1) the explanation, if any, for the party's failure to comply with the scheduling order; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of

curing such prejudice by granting a continuance; and (4) the importance of the witness's testimony. *Id.*

In addition, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Exclusion of the evidence is automatic and mandatory unless the party demonstrates substantial justification or harmlessness. *E.g.*, *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004). In determining whether a party's failure to disclose is harmless, a court examines the same four factors used to evaluate the decision to exclude evidence under Rule 16(f). *See CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009).

After considering the four factors, the Court concludes that Gonzales's second estimate should be stricken as a sanction for Plaintiff's failure to comply with the Scheduling Order. First, Plaintiff has offered no reasonable explanation for his failure to timely disclose Gonzales's second estimate. Indeed, Plaintiff's opposition provides no explanation other than that Gonzales did not inspect the inside of the property until after Plaintiff's expert reports were due. Although Plaintiff identified Gonzales as an expert who will testify to his findings of the damaged property on July 24, 2015, sixteen weeks elapsed before Gonzales inspected

7

the alleged damage to the interior of the property. (Rec. Doc. 13-3, at 3.)

Moreover, Gonzales's initial report indicates that he inspected the property as early as May 2014. *See id.* at 21-26. Plaintiff provides no explanation as to why Gonzales did not examine the interior of the property at the time of his initial inspection. Courts have routinely rejected untimely "supplemental" reports based upon information available prior to the deadline for delivering the initial expert reports. *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 569 (5th Cir. 1996); *see also Simmons v. Johnson*, No. 06-325, 2008 WL 474203, at *2 (M.D. La. Feb. 14, 2008) (excluding supplemental report where the information the expert had available to him at the time he issued his initial report was essentially "the same as the information . . . available at the time he issued his supplemental report"). Even if Gonzales was unable to inspect the interior of the property until after his report was due, Plaintiff never sought leave of court to extend the expert report deadline to accommodate this interior inspection or to file a supplemental report. *See Phillips v. Gen. Motors Corp.*, No. 99-3423, 2000 WL 1285380, at *5 (E.D. La. Sept. 12, 2000) (rejecting defendant's "belated explanation" for its untimely supplemental expert report where expert conducted additional tests after the deadline elapsed but

8

defendant never sought leave to conduct tests or submit reports after deadline).

Second, permitting Plaintiff to use Gonzales's second estimate would unfairly prejudice State Farm. The purpose of requiring disclosure of expert reports is to notify opposing parties of the scope and content of the expert's proposed testimony. *Matthews v. Allstate Ins. Co.*, 731 F. Supp. 2d 552, 559 (E.D. La. 2010). Here, State Farm was not made aware that Plaintiff was claiming damage to the interior of the property until it received Gonzales's "supplemental" report. The parties dispute whether State Farm received the second estimate prior to Gonzales's December 2 deposition. Plaintiff claims that he sent a letter to State Farm with a copy of the supplemental report attached "on or about November 19, 2015." State Farm claims that it has never received a copy of this letter. Regardless, it is undisputed that Plaintiff provided the supplemental report to State Farm after the November 12 deadline, after State Farm's expert inspected the property, and shortly before Gonzales's deposition. *See Phillips*, 2000 WL 1285380, at *5 (excluding supplemental reports that were untimely disclosed "on the eve of the experts' depositions," which would "obviously derail the scheduled depositions and suggest the need for a trial delay").

At the time State Farm's expert inspected the property, State Farm was unaware that Gonzales would testify to the property's

9

interior damage. State Farm's Interrogatory No. 6 asked Plaintiff to state with specificity what damages Plaintiff claims his property sustained as a result of the hailstorm. (Rec. Doc. 13-3, at 4.) Plaintiff's answer directed State Farm to Gonzales's initial estimate, which included only damages to the exterior and roof of the property. *Id.* Although Plaintiff argues that State Farm's expert had the same opportunity to examine the alleged damage on the inside of the property, State Farm's expert is a "roofing expert" and does not purport to be qualified to evaluate interior damage. *See Simmons*, 2008 WL 474203, at *3 (excluding supplemental report where the deadline for defendant to retain an expert to address topics in the untimely report had already expired). Thus, there can be no question that permitting Plaintiff to use the untimely supplemental report would result in additional expense and disrupt State Farm's preparation of the case.

Third, although the prejudice from the late report might be ameliorated by continuance of the trial date, "delaying rulings or trial never is ideal," and the Court refuses to countenance a continuance due to Plaintiff's failure to comply with the Scheduling Order. *Rushing*, 185 F.3d at 509. Furthermore, while it is true that there have been no continuances in this trial, it is worth noting that neither party has requested a continuance from the Court. A continuance at this point would only serve to increase costs on State Farm, which has been diligent in meeting the

10

deadlines imposed by this Court. Moreover, as the Fifth Circuit has noted, "a continuance does not, in and of itself, 'deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders.'" *Barrett*, 95 F.3d at 381 (quoting *Geiserman*, 893 F.2d at 792).

Finally, even if Gonzales's second estimate is important to Plaintiff's case, the importance of the excluded testimony "cannot singularly override the enforcement of local rules and scheduling orders." *Rushing*, 185 F.3d at 509 (quoting *Geiserman*, 893 F.2d at 792). The Fifth Circuit has noted that the importance of expert testimony "merely underscores the need for [plaintiffs] to have complied with the court's deadlines or at least informed the trial judge in advance if good faith compliance was not possible." *Barrett*, 95 F.3d at 381. Additionally, the importance of the second estimate is outweighed by the fact that Plaintiff could have simply inspected the interior of the property before the deadline. If that proved infeasible, Plaintiff was not without recourse; he could have easily filed a motion seeking leave of court to extend the deadline in order to inspect the interior later. Accordingly, the Court finds that exclusion of Gonzales's second estimate would be an appropriate sanction for Plaintiff's failure to comply with the Court's Scheduling Order.

## CONCLUSION

Accordingly,

11

**IT IS HEREBY ORDERED** that Defendant's *Motion to Strike the Second Estimate of Ray Gonzales* **(Rec. Doc. 13)** is **GRANTED**. At trial, Ray Gonzales may not offer expert testimony regarding the interior damage included in his second estimate. This does not prevent Gonzales from testifying as a fact witness. He may testify as to his lay opinions and as to what he observed during his inspection of the interior of the property. Gonzales may also offer expert testimony regarding the damage to the property's exterior and roof included in his original estimate, which was timely delivered to counsel for Defendant.

**IT IS FURTHER ORDERED** that Defendant's *Motion for Leave to File Reply to Plaintiff's Memorandum in Opposition to Motion to Strike the Second Estimate of Ray Gonzales* **(Rec. Doc. 25)** is **DENIED** as moot.

New Orleans, Louisiana, this 13th day of January, 2016.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE